11 LEMMON, J,
Concurring.
While I agree that the overall exemption statute excluded the dairy cows at issue, I do not believe that La. Rev. Stat. 13:3881A(4)(e), which exempts “[t]he poultry, fowl and one cow,” is significant in the construction of the overall statute in this case. That the reference to “one cow,” viewed in the agrarian economy during which the statute was enacted, is addressed to the right of an individual, whatever his trade or occupation, to retain one of his cows for the everyday food needs of his family. The reference is irrelevant to the issue of whether a dairy farmer’s en *1217 tire herd of cows is a “tool” or an “instrument” of the debtor’s trade.
Plainol, explaining the purpose of exemptions from seizure, pointed out that certain exemptions, like the ones in question, are rooted in the notion of humanity, observing that “the law declares that the objects necessary for the life of the debtor are not subject to seizure; to take them away would expose him to die of hunger, or at least reduce him to begging;” and he cited as illustrative “instruments for working, some animals (a cow or three sheep, or two goats, at the option of the debtor).” 2 Marcel Plainol, Treatise on the Civil Law, Part 1, No. 184 (11th Ed.1939). As Plainol’s illustrative listing demonstrates, the key here is not whether the debtor can | ¡.keep a cow for his family’s needs, but whether the 100 dairy cows fall within the ambit of “instruments for working.”